UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

William J. Wise,

               Petitioner,                            **No. 08-CV-6312(CJS)(VEB)**
     -vs-                                             **ORDER**

Superintendent of Attica Correctional
Facility,

               Respondent.
_____

*Pro se* petitioner William J. Wise ("Wise") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Respondent has moved for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and has requested that his time to answer the petition be extended. (Docket Nos. 3 & 8).

"If an allegation or defense is so unclear or vague that the opposing party cannot reasonably be expected to respond, a party may move for a more definite statement under Fed. R. Civ. P. 12(e) . . . ." *Straker v. Metropolitan Transit Authority*, 333 F. Supp.2d 91, 103 (E.D.N.Y. 2005) Rule 12(e) provides, in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

FED. R. CIV. P. 12(e); *accord* Straker, 333 F. Supp. at 103 (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.") and 5 WRIGHT AND MILLER at 577-80 (1990)).

I agree with respondent that while the petition, filed July 14, 2008, describes petitioner's

procedural history in state court, it "completely fails to state: (1) the grounds on which the petition is based, or (2) any basis for finding that petitioner's claims were exhausted in state court." (Docket No. 3) (citing Petition ¶¶ 22-23, Docket No.1). As respondent argues, this violates Rule 2 of the Rules Governing Habeas Corpus Proceedings, which provides that "The petition must . . . state the relief requested . . . ." *Id.* (quoting Rule 2, Rules Governing § 2254 Habeas Corpus Proceedings). Rule 2 of the Rules Governing Habeas Corpus Proceedings provides:

> (c) Form. The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten, and
> (5) signed under penalty of perjury by the petitioner....

Rule 2, Rules Governing § 2254 Habeas Corpus Proceedings.  I agree that Wise's failure to set forth *any* information whatever regarding the factual and legal bases for his claims for habeas relief supports respondent's request for a more definite statement under Fed.R.Civ.P. 12(e). *See Martinez v. O'Connell*, NO. 9:06CV0887(DNH)(RFT), 2007 WL 189335 (N.D.N.Y. Jan.22, 2007) (granting Rule 12(e) motion as to petition filed under 28 U.S.C. § 2254); *see also Middlebrooks  v. Conway*, 05 Civ. 0004, 2007 WL 2437118, *1 (W.D.N.Y. Aug. 21, 2007) (Foschio, M.J.) (court "directed petitioner to file . . . an amended petition setting forth each and every ground he intended to raise . . ."). "It is not the responsibility of the Court nor the Respondent to sort through the state court records and speculate on the facts Petitioner asserts in support of each ground. Rather, that information must be set forth in the Petition." *Martinez*, 2007 WL 189335, at *1.

Accordingly, respondent's motion for a more definite statement (Docket No. 3) will be granted. Wise will be directed to file an Amended Petition within thirty (30) days from his

receipt of this Order. Wise is directed that his Amended Petition must comply with Rule 2 of the Rules Governing § 2254 Habeas Corpus Cases, as discussed above.

Wise is advised that he may, although it is not necessary for him to do so, annex papers from his state court proceedings to his Amended Petition. Respondent will be directed to file the entire state court record with the Court when the Respondent's answer to the Petition is filed.

WHEREFORE, it is hereby

ORDERED, that Respondent's Motion for a More Definite Statement (Docket. No. 3) is granted; and it is further

ORDERED, that Petitioner shall file an amended Petition with the Court within thirty (30) days from the date of his receipt of this Order, and serve same on Respondent's counsel; and it is further

ORDERED, that upon Petitioner's filing of the amended Petition, this matter be returned to the Court for further review and Order. Respondent's motion for an extension of time to answer (Docket No. 8) is granted, and respondent will not be required to file a Response to the Petition until ordered to do so by the Court.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: November 12, 2008
Rochester, New York.