UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WISE,

                Petitioner,                **No. 08-CV-6312(CJS)(VEB)**

   -vs-                                          **DECISION AND ORDER**

SUPERINTENDENT of Attica Correctional
Facility,

                Respondent.
_____

      Petitioner William J. Wise has applied to the Court for appointment of counsel, *see* Docket No. 11. The sole submission in support of this application is the form Application for Appointment of Counsel. Wise indicates that he has been granted *in forma pauperis*. Under paragraph 3(a), the form states, "I have attempted to find my own attorney but have been unable to do so." Wise does not explain what attempts, if any, he has made to retain an attorney, or have one represent him *pro bono*. He merely states that he is confined at Attica Correctional Facility. This fact alone does not preclude him from pursuing his own efforts, which he must do initially, to obtain representation for himself.

      Under paragraph 4, the form states, "I believe that the following circumstances demonstrate why the Court should grant my request for an appointed attorney." However, Wise has left blank the response area to this question.

      The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas

petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Wise has not provided the Court with *any* information whatsoever which would justify appointment of counsel at this time.

Wise's motion for appointment of counsel (Docket No. 11) accordingly is **DENIED** without prejudice.

**IT IS SO ORDERED**.

/s/ Hon. Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: September 25, 2009
Rochester, New York.